UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL D. KELLY,** | : | **Case No. 09-CV-2299** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **TERRY J. COLLINS, WARDEN,** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court are Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Doc. 15) and Plaintiff's Motion for Dismissal Without Prejudice (Doc. 16). Defendant filed his Motion to Dismiss on April 9, 2010. Plaintiff filed his Motion for Dismissal Without Prejudice on May 11, 2010, thirty-two days after service of Defendant's Motion to Dismiss. Accordingly, Plaintiff's Motion for Dismissal Without Prejudice was filed within the time period for responding to the Defendant's Motion to Dismiss pursuant to Rule 6 of the Federal Rules of Civil Procedure. *See* Local Rule 7.1(d).

Although Plaintiff's Motion for Dismissal Without Prejudice was not captioned as a <u>notice</u> and does not cite Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure,[1] the Court interprets it as a notice of dismissal under that rule. Rule 41(a)(1)(A)(i) provides:

(a) Voluntary Dismissal

(1) By the Plaintiff

(A) Without a Court Order. Subject to [certain Rules and statutes inapplicable here], the plaintiff may dismiss an action without

---

[1] The Plaintiff's Motion for Dismissal Without Prejudice is one sentence long and provides: "Plaintiff, through counsel, respectfully requests to dismiss this action without prejudice." (Doc. 16.)

> a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves an answer or a motion for summary judgment . . . .

Fed. R. Civ. P. 41(a)(1)(A)(i). At the time Plaintiff's Motion for Dismissal Without Prejudice was filed (and to date), the Defendant had not filed an answer or a motion for summary judgment. Therefore, Plaintiff's Motion for Dismissal Without Prejudice is itself sufficient to dismiss the case without prejudice without the Court's involvement.[2] *See Detroit Metro. Airport Taxi Ass'n v. Detroit Metro. Wayne County Airport Auth.*, No. 09-CV-14041, 2009 U.S. Dist. LEXIS 101746, at *1 (E.D. Mich. Nov. 2, 2009) (". . . Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court." (quoting *D. C. Elecs., Inc. v. Narton Corp.*, 511 F.2d 294, 298 (6th Cir. 1975))); *see also Bldg. Concepts & Designs Constr., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 06-2777, 2006 U.S. Dist. LEXIS 54921, at *4-6 (E.D. La. Aug. 7, 2006) (collecting cases holding same). This case is, consequently, **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

                                                             s/Kathleen M. O'Malley
                                                             **KATHLEEN McDONALD O'MALLEY**
                                                             **UNITED STATES DISTRICT JUDGE**

Dated: May 25, 2010

---

[2] The Court notes, however, that Defendant's Motion to Dismiss reveals that Plaintiff's complaint cannot state a claim upon which relief can be granted for the reasons stated in the Defendant's brief. Accordingly, any attempt to re-file this case would be patently frivolous and sanctionable.